DUPLANTY *against* COMMERCIAL INSURANCE COMPANY.

A policy on merchandize will cover a *curricle.* Insured, not bound to disclose the nature of the cargo; it is the duty of the insurer to inquire.

ASSUMPSIT, on a policy of insurance on "goods, wares and merchandize," laden on board the brig Margaret, on a voyage from New York to New Orleans.

It appeared in evidence that the plaintiff had made a written application to the defendants for insurance "on merchandize," to be laden on board the Margaret, on a voyage to New Orleans; that he did not specify the merchandize to be shipped, nor was he required, by the company, so to do. Upon this application, an insurance was effected at three per cent. Under the policy the plaintiff claimed the value of a curricle, which, by the perils of the seas, had sustained damages beyond 50 per cent., and had been sold, after survey, for the benefit of the concerned.

It also appeared in evidence that three per cent. was the common sea-risk on goods, wares and merchandize; and that carriages and household furniture could not, at that time, have been insured under from twelve to twenty per cent. on account of the increased risk from the nature of the subject, and that such insurances always contained an express exemption from partial losses.

The defendants contended, that the plaintiff had been guilty of a material concealment; that, whenever either the nature or position of the goods insured enhances the

risk, the insured ought to disclose such facts, thus varying the risk, or the policy will be void.   1 Marshall, 225.

SPENCER, J.   Here has been no concealment to vitiate this policy.   It was the duty of the insurers to have inquired into the nature of the cargo insured; the insured was not bound to specify.(1)

Verdict for plaintiff.

*Baldwin* and *Bleecker*, for plaintiff.

*Wells*, for defendants.

(1) There are some kinds of property which do not fall under the general denomination of goods, in a policy, and for the loss of which the underwriters are not answerable, unless they are specially named.   In *Ross* v. *Twaite*, and *Backhouse* v. *Ripley*, (cited in Park. 25,) and in *Lenox* v. *United Insurance Company*, 3 Johns. Ca. 179,) it was decided that goods stowed on deck were not within a general policy on goods, the risk being greater and the premium consequently enhanced.   That a policy on goods only means such goods as are merchantable, and part of the cargo.   It is a question whether a cargo of dollars, or other coin, jewels, &c., if lost, be recoverable under a policy upon goods and merchandize generally.   Park. 28.   In *Da Costa* v. *Frith*, (4 Burr. 1966,) the policy was general on goods and merchandize, the subject matter of the insurance was bullion; but no objection was taken on that ground, and the point was not argued.   It seems there is no adjudged case on this subject.   This case, in the text, is quoted by Phillips, and introduced into the text of his work.   1 Phil. 66.   In 1813, the case of *Thomas* v. *Roy. Ex. Ass. Co.*, was decided at Cornwall Summer Assizes, by Dampier, J., who ruled that an insurance of goods and merchandize covers dollars, if entered at the custom-house; but not bank notes.   This case, however, is nowhere to be found, except in Hughes on Ins. (97, n. P.,) where it is added, " but it seems adviseable to specify jewels, &c."